IN THE MATTER OF THE APPLICATION OF THE BOND PRINTING COMPANY, INC., TRADING AS THE ASBURY PARK SUN, FOR A DETERMINATION·OF ITS RIGHTS, STATUS AND OTHER LEGAL RELATIONS UNDER THE STATUTES OF THIS STATE RELATING TO LEGAL ADVERTISING.

Submitted February 4, 1947—Decided April 24,.1947.

For the plaintiff-appellant, *Vincent P. Keuper*.

For the defendant-appellee, *Morgan R. Seiffert*.

The opinion of the court was delivered by

FREUND, J.   The appellant appeals from a judgment entered in the Monmouth Circuit wherein the petitioner's application for a declaratory judgment was denied.

The *Red Bank Daily Standard* had been published as a newspaper for a number of years at Red Bank.   It 1945 the appellant, Bond Printing Company, Inc., was formed and it acquired the newspaper, *Red Bank Daily Standard*.   On January 14th, 1946, a certificate was executed and filed in the offices of the county clerk and the Secretary of State, changing the name of the newspaper, *Red Bank Daily Standard,* to

*Asbury Park Sun.* In January, 1946, the *Red Bank Daily Standard* was discontinued as a newspaper and all of its physical equipment was moved and transferred to a building acquired by the *Asbury Park Sun,* in the City of Asbury Park, where the *Asbury Park Sun* established its publication office and print shop. The appellant's sole witness testified that the first date oh which the *Asbury Park Sun* was printed and published was January 24th, 1946, in the City of Asbury Park.

The appellant's petition alleges that "it prints, publishes and issues a daily newspaper, the *Asbury Park Sun,* in the City of Asbury Park." The petition further alleges that the *Asbury Park Sun* "is not subject to the limitation and restrictions imposed by *Revised Statutes* 35:1–2.1 and 35:1–2.2," as amended, "for the reason that its change of place of publication to another place in the same county is not such a limitation as is contemplated by the statute referred to." The petition prays for a declaratory judgment "adjudging its rights, status and legal relations * * * in order that it may continue to print and publish legal advertising * * *."

The pertinent statutory provisions, *R. S.* 35:1–2.1 and 35:1–2.2, as amended, state the minimum qualifications before a newspaper shall become eligible for state, county and municipal legal advertising. *R. S.* 35:1–2.1 as amended applies to the publication of official advertising by the state, whereas *R. S.* 35:1–2.2, as amended, applies to the publication of official advertising by counties and municipalities. The statutory provisions are identical in language, except as to their application. That part of *R. S.* 35:1–2.1 and 35:1–2.2 as amended which we are to construe reads as follows:

"Whenever it is required to publish resolutions, official proclamations, notices or advertising of any sort, kind or character, * * * by this State [by any county, city or other municipality] the newspaper or newspapers selected for such publication must meet and satisfy the following qualifications, namely: said newspaper or newspapers * * *

shall have been published continuously in the municipality where its publication office is situate for not less than two years * * *."

The appellant argues that the learned court below "erred in adjudging that a qualified and established newspaper was barred by the terms of an unrelated statute." The appellant's argument proceeds on the theory "that there is no statutory limitation on the domicile of a New Jersey newspaper, and once it has attained the legal status, which the *Red Bank Daily Standard* concededly had, it may change its name, which has been done, and change its domicile, which is not prohibited." It is conceded that a newspaper may change its place of publication and its name but, for a newspaper to qualify for legal advertising pursuant to *R. S.* 35:1-2.1 and 35:1-2.2, as amended, it must be published continuously for not less than two years in the municipality where its publication office is situate.

The appellant's petition and proof concede that the *Asbury Park Sun* had its "publication office" in the City of Asbury Park only since January, 1946, and that the said newspaper had its first publication on January 24th, 1946, so, obviously, the petitioner does not meet the qualifications in *R. S.* 35:1-2.1 and 35:1-2.2, as amended. Clearly, the intention of the legislature was to limit legal advertising only to those newspapers having stability and continuous existence in the municipalities where their publication offices are maintained, and, to qualify for such legal advertising, two years was determined as the minimum period within which a newspaper must be in existence in such municipality.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.